Anthony Maden *v.* Commonwealth.

[Kentucky Law Reporter, Vol. 4—45.]

**Criminal Law—House-breaking.**

    In an indictment for house-breaking it is only necessary to allege the manner in and the intent with which the house was broken, and the allegation that the accused did actually steal was unnecessary to complete the offense.

**Evidence of Intent.**

    In the trial of one charged with house-breaking with intent to steal it is competent to admit evidence tending to prove that the

defendant did steal things from the storehouse, since this evidence shows the motive and intent of the breaking.

**Possession of Stolen Goods—Instruction.**

> In the trial of a cause for house-breaking with intent to steal, it is error for the court to instruct the jury that the possession or failure to account for the possession of any of the stolen goods, which they might believe, from the evidence, were found with the accused, would authorize them to convict him.

### APPEAL FROM OHIO CRIMINAL COURT.

June 22, 1882.

OPINION BY JUDGE HARGIS:

The indictment charges the appellant of the offense of breaking into the storehouse of Samuel Ferguson. It is alleged in the indictment that the appellant forced the door of the storehouse, with some unknown implement, and entered it with the intention of stealing, and that he did steal therefrom things of value.

A demurrer to the indictment was properly overruled, as it charges but one offense. The surplusage in the descriptive part of the indictment does not render it obnoxious to the Crim. Code (1876), § 165, subsec. 3. It was only necessary to aver the manner and the intent with which the house was broken, and the allegation that the appellant did steal, was unnecessary to complete the offense, but being alone a substantive felony, had it been embraced in the charge against the appellant, it would have rendered the indictment demurrable, because of charging more than one offense. It was competent to admit evidence tending to prove that the appellant did steal things from the storehouse, as this character of evidence illustrated the motive or intent of the breaking. And the appellant was not prejudiced by the unnecessary requisites of instruction No. 1, that the jury must believe appellant not only broke into the storehouse with the intention to steal, but that he also did steal therefrom things of value.

All that the commonwealth ought to have been required to show was that the appellant broke into the storehouse in the manner described in the indictment, with the intention of stealing therefrom.

It was error, however, to instruct the jury that the possession, or failure to account for the possession of any of the stolen goods,

which they might believe, from the evidence, were found with the appellant, would authorize them to convict him. The possession of any of the stolen goods, and a failure to give a satisfactory explanation of how he came by them, are facts from which an inference of guilt may be drawn, but they should not be separated from the rest of the facts proved, and given undue prominence by an instruction of this character.

The credibility of the witnesses ought to be left to the jury, generally, without indicating to them any particular test.

Wherefore the judgment is *reversed* and cause remanded with directions to grant appellant a new trial.

*Walker & Hubbard, for appellant.*

*P. W. Hardin, for appellee.*